JOHN W. HUBER, United States Attorney (#7226)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: adam.elggren@usdoj.gov

FILED
U.S. DISTRICT COURT
2019 AUG 14 P 5: 38
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | INDICTMENT |
| vs. | VIOLS: 18 U.S.C. § 1343, |
| NANCI BALDWIN, AKA NANCI BALDWIN BARNETT, | Wire Fraud (Counts 1-3); 18 U.S.C. § 1957, Money Laundering (Count 4). |
| Defendant. | |

Case: 4:19-cr-00073
Assigned To : Nuffer, David
Assign. Date : 8/14/2019
Description: USA v.

The Grand Jury Charges:

A.  BACKGROUND

At all times relevant to this Indictment:

1.  NANCI BALDWIN was a resident of Washington County, Utah. She was employed as a live-in caretaker for J.M., an individual whose full name is known

to the Grand Jury. J.M was a person with disabilities who lived in Washington County. J.M. received a steady monthly income from an artist's organization of which he was a member.

2. BALDWIN had power of attorney over J.M. and was authorized by her employment agreement to spend J.M.'s money on his behalf for living expenses. She also received a salary from J.M. of about $12,000-$14,000 per month.

3. JM Care was a Utah company established by BALDWIN for the purported purpose of receiving and managing funds for the care of J.M.

4. As part of her caretaker relationship, BALDWIN had authority to make transfers from J.M.'s bank accounts at Wells Fargo Bank and America First Credit Union. BALDWIN also had authority to make transfers with other accounts at Wells Fargo Bank and America First Credit Union that she established in her name, and a business account in the name of J.M. Care (a business she created to manage her income from working for J.M.). Due to J.M.'s disability, J.M. was unable to conduct online or in-branch bank transactions without assistance. J.M.'s disability impeded his ability to verify the status of his assets and account balances. J.M. was unaware of many transactions BALDWIN conducted, without approval.

5. BALDWIN controlled the following accounts:

**America First Credit Union**

    Account Name: Nanci Baldwin
    Account Number: ...818
    Open Date: November 27, 2017

    Account Name: J.M.
    Account Number: ...798
    Open Date: November 9, 2017

    Account Name: JM Care Inc
    Account Number: ...423
    Open Date: November 13, 2017

**Wells Fargo Bank**

    Account Name: JM Care
    Account Number: ...433
    Open Date: April 26, 2017

    Account Name: J.M.
    Account Number: ...639

**Idaho Central**

    Account Name: Nanci Baldwin-Barnett
    Account Number: ...594
    Open Date: March 20, 2014

## COUNTS 1-3
(18 U.S.C. § 1343, Wire Fraud)

6.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 5 of this Indictment as though fully set forth herein.

A.    <u>SCHEME TO DEFRAUD</u>

7. Beginning as early as in or about September 2017 and continuing to in or about June 2018, in Washington County, within the Central Division of the District of Utah, and elsewhere,

**NANCI BALDWIN,**

defendant herein, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud J.M., and to obtain money and property from J.M., by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The manner and means of the scheme were that BALDWIN would make unauthorized transfers of funds from accounts belonging to J.M. into accounts in her name or in the name of JM Care that she controlled. BALDWIN would then use these funds for her own purposes and not to the benefit of J.M. Such transfers were in excess of the legitimate payments earned by BALDWIN as part of her caretaker's salary and were not used to pay living expenses on behalf of J.M.

9. It was further a part of the scheme and artifice to defraud that BALDWIN's concealment of the true purposes of the transfers she effected was material, that is, it had a natural tendency to influence, or was capable of influencing, the decisions of the person or entity to whom the concealment was directed.

B.  **USE OF THE WIRES**

10.  On or about the dates set forth below, within the Central Division of the District of Utah, and elsewhere, Defendant NANCI BALDWIN, for the purpose of executing and attempting to execute the above-described scheme to defraud, transmitted and caused to be transmitted by means of interstate wire writings, signs, signals, pictures and sounds, to wit: she did execute unauthorized transfers of funds via direct wire and cashier's check (which caused funds to be wired from the holding institution) to accounts controlled by BALDWIN or to entities representing BALDWIN's interests, without J.M.'s knowledge or authorization, as set forth in the table below (all dates "on or about"):

| Count | Date of wire | Originating Bank, Acct. # | Deposit Bank/Transferee | Amount |
|---|---|---|---|---|
| 1 | 11/28/2017 | AFCU #...818 in name of BALDWIN (cashier's check) | Equity Escrow | $57,933.28 |
| 2 | 12/27/2017 | Wells Fargo #...3639 in name of J.M. (transfer) | AFCU No. ...423 | $14,000 |
| 3 | 5/4/2018 | AFCU #...818 in name of BALDWIN (transfer) | Jag Equities account at JP Morgan Chase Bank | $20,000 |
|   |   |   | total | $91,933.28 |

all in violation of 18 U.S.C. § 1343.

## COUNT 4
(18 U.S.C. § 1957, Money Laundering)

11. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of this Indictment as though fully set forth herein.

12. On or about December 28, 2017, in the Central Division of the District of Utah and elsewhere,

### NANCI BALDWIN,

the defendant herein, did knowingly engage and attempt to engage in, cause, counsel, command, induce, and procure by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally-derived property of a value greater than $10,000, the transfer, deposit, and withdrawal of funds or monetary instruments, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. § 1343, to wit: the defendant effected a wire transfer of approximately $19,000 of funds belonging to J.M., without J.M.'s authorization, $14,000 of which were derived from Wire Fraud as alleged in Count 2 above, from an account in the name of JM Care at America First Credit Union, account number ending in …423, to an account in the name of Jag Equities at JP Morgan Chase Bank, all in violation of 18 U.S.C. § 1957(a).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of any offense in violation of 18 U.S.C. § 1343, as set forth in this indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of each offense. The property to be forfeited includes, but is not limited to, the following:

- A money judgment equal to the value of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of each offense.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any property of said defendant up to the value of the above-forfeitable property.

A TRUE BILL:

/S/
---
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

ADAM S. ELGGREN
Assistant United States Attorney