IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NANCI BALDWIN, AKA <br> NANCI BALDWIN BARNETT, <br><br> Defendant. | Case No. 4:19-cr-00073-DN-PK <br><br> **POST-INDICTMENT RESTRAINING ORDER UNDER 21 U.S.C. § 853(e)(1)(A)** <br><br> Judge David Nuffer <br> Magistrate Judge Paul Kohler |

The United States has made an application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that the United States seeks to forfeit in this case ("Application").[1] Upon consideration of the Application,[2] it appears to the Court that there is reasonable cause to enter a restraining order to preserve for forfeiture:

> Any assets or assets traceable to such assets that Jay Bezanson, Stephen Robichaud, and/or Jag Equities Corp ("Subject Third Parties") have received from Nanci Baldwin into Jag Equities' JP Morgan Chase Bank account ending in 8635 (hereinafter "Subject Property"),

based upon the following:

---

[1] Application for Post-Indictment Restraining Order Under 21 U.S.C. 853(e)(1)(A), docket no. 18, filed September 25, 2019.

[2] *Id.*

1. That a federal grand jury for this district returned an Indictment charging the above defendant with federal crimes including wire fraud in violation of 18 U.S.C. § 1343. Furthermore, the Indictment contains a notice of the United States' intent to seek forfeiture of proceeds obtained from the wire fraud scheme. Indictment at 7, ECF No. 1.

2. That the Declaration of Special Agent Chris Andersen[3] sets forth sufficient facts establishing probable cause connecting the Subject Property to the wire fraud scheme alleged in the indictment.

3. That the Subject Property for which the order is sought would, in the event of Nanci Baldwin's conviction, be subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).[4]

4. That any third-party claims to the Subject Property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

5. That the Court has jurisdiction to enter this order pursuant to 21 U.S.C. § 853(e)(l), as made applicable to this case by 18 U.S.C. § 982(b)(1).

**THEREFORE, IT IS HEREBY ORDERED AND DECREED**:

That, effective immediately:

> **Jay Bezanson,**
> **Stephen Robichaud,**

---

[3] Application, *supra* note 1, Attachment no. 1.

[4] The government acknowledged a clerical error in the indictment's forfeiture notice seeking forfeiture under 18 U.S.C. § 982(a)(2)(A), which authorizes forfeiture for a type of wire fraud not relevant to this case. The proper forfeiture authority for the wire fraud charged in this case is 18 U.S.C. § 981(a)(1)(C).

**Jag Equities Corp, a Florida corporation, and
Nanci Baldwin**

their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and all persons and entities with knowledge of this Order, and those persons, financial institutions, or entities who have any interest or control over the Subject Property, are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of the Subject Property, including but not limited to, directly or indirectly, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, hypothecating or in any way diminishing the value of, or cause anyone else to do so, the Subject Property.

IT IS FURTHER ORDERED that the Subject Third Parties shall transfer all liquid assets traceable to the Subject Property to the United States Marshals Service ("USMS"). Within one week of this order's date, the Restrained Third Parties shall contact the USMS via Dorothy Akins at (801) 323-2555 to receive payment routing instructions. Within three days of transferring any payment, the Restrained Third Parties shall notify the United States Attorney's Office of the date and amount of such payment at the following email addresses: ashlyn.algra@usdoj.gov.

IT IS FURTHER ORDERED that the USMS shall hold any payments it receives on the promissory note in a seized asset account until further order of the court.

IT IS FURTHER ORDERED that within fourteen days of this order's date the Subject Third Parties shall provide the FBI via Special Agent Chris Andersen (coandersen@fbi.gov) an

accounting of the Subject Property including the Subject Property's current location and value, and financial records showing what happened to the Subject Property after it was received from Ms. Baldwin into Jag Equities' JP Morgan Chase Bank account ending in 8635 until the present date. Within seven days of this order's date the Subject Third Parties shall provide the FBI via Special Agent Chris Andersen (coandersen@fbi.gov) the monthly bank statements for Jag Equities Corp's Chase bank account ending in 8635 for the period December 2017 through the present date. The relevant representatives of the United States in this matter may agree to extend the deadlines in this paragraph at their discretion.

    IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Property.

    IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1), incorporated by 18 U.S.C. § 982(b)(1), as an alternative to the restraint of the subject property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

    IT IS FURTHER ORDERED that as soon as practicable the FBI or other appropriate federal agency shall serve a copy of this Restraining Order upon Jay Bezanson, Stephen Robichaud, and Jag Equities Corp, and shall a make a return thereon reflecting the date and time of service. Electronic service of this order upon Ms. Baldwin's attorney via the court's

electronic filing system will suffice for service on Ms. Baldwin.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

Dated: September 28th, 2019.

SO ORDERED:

_____
Paul Kohler
United States District Judge